The opinion of the court was delivered by
Breaux, J.
The issues to be decided in this suit grow out of an opposition of a creditor whose claim is secured by mortgage to an *1562 account of administration filed by an administratrix who administered the affairs of her late husband.
• The first and principal ground of opposition is to the widow’s homestead. The account credits the widow in necessitous circumstances with one thousand dollars. The judge of the District Court allowed this claim, and at the same time reduced the amount to seven hundred aind fifty-eight 09-100 dollars by charging the widow with amounts she had collected for the succession. The debits consisted of rent with which she was charged and the amount received from the Young Men’s Benevolent Association, an association of which her late husband was a member at the time of his death, the sums aggregating one thousand and seventeeai dollars. This judgment allowed her credit for taxes paid by her, insurance, repairs, interest on opponent’s mortgage note, funeral, and other expenses, aggregating the sum of seven hundred and seventy-four 19-100 dollars, leaving a balance of two hundred and forty-two 81-100 dollars to be deducted from the one thousand dollars to which the widow is entitled under the judgment from which the appellant appeals.
The pleadings are not as full as they usually are when the widow, sets up a claim for the widow’s homestead of one thousand dollars. No demand is directly made in behalf of the minors. The widow asked for the amount exclusively in her own name. The pleadings set out that the minors and the widow had no property at the ddath of the father and husband save tiheir interest in the property which is burdened with the mortgage of the opponent. The contention cm appeal at bar was that the claim is not sufficiently laid before the court, as relates to plcladings, to enable the court to pass upon the issues and affirm the judgment. A similar question was decided in Corner vs. Bourg, 26th Ann., 615, in which the court held that it was not necessary for the claim to he presented directly in the name of the minor; that it sufficed if the claim were made by the surviving widow in necessitous circumstances; that “the destination of the money, after the expiration of the usufruct, is fixed by law, regardless of the question whether the tutor of the minor has made a formal application for the homestead or not.”
The decision is to the point and is sufficient answer' to opponent’s position, particularly in view of the fact that no objection was urged in the District Court to the admissibility of evidence; and the admin *1563 istratrix, in order to meet the grounds of opposition, introduced testimony completely supplying the insufficiency of her allegations for a homestead, in so far as relates to a special demand in the interest o'f her minor children, as well as herself, left in necessitous- circumstances. ■
Opponent complains of the acts of this administratrix in having' collected rearts and in having delayed the settlement of the succession.
Opponent’s next contention is that the widow has accepted the community and that she has lost her right to her -Komestéad by her failure to cause an inventory to be made.. Both’as'related to the asserted acceptance and the failure to have an inventory made, the. opponent was not inactive, and, as we take it, not indifferent. The widow having remained in possession of the property after the death-of her husband called upon the opponent a short time after said death and advised with him as to what should be done in the interest'of all concerned. Opponent properly desired to safe-guard his interests as a mortgage creditor and collect the amount of his claim. ' ILe was, at tire same time, it appears, not unwilling to see the widow recover from the proceeds of the sale of the property the amount allowed the widow and minors in necessitous circumstances. There arose no difference between the widow and the creditor before the sale of the property and it became known that the proceeds were not sufficient to pay both, and then the affairs of the succession remained in statu, quo without objection.
The widow testified that she was advised by this creditor not to incur costs and fees as they -would lessen the chances of realizing enough to pay her claims and his own. This is, to some extent, denied by the creditor. ITis testimony, however, and that of the attorney for the administratrix, shows that ho was only too willing to let the succession remain unopened. He accepted part of the amount collected by the widow in part payment of interest on his claim and urged no objection, but, on the contrary, lie appears in the light of one approving of what was being done, or rather not being done, in matter of the settlement of the succession. Opponent’s contention is that the Widow accepted the community, and that, in consequence, she is without right to -a homestead. This asserted acceptance of the community on the part of the widow is claimed on the ground that in the first place she did not render a faithful account of the amounts collected by her. We do not think that this charge is sustained by the facts. Her acts *1564 were those of administration. She collected rents. In her account she did not charge herself with all the rent the district judge found she owed, nor did she credit herself with small amounts which she had paid. After the balance between these debits and credits is established, it is made evident, we think, that it was not the intention to conceal with the view of gaining an advantage.
Opponent now complains, in addition to the foregoing, that no inventory was taken until more than two and one-half years after the death of the husband. He is scarcely in a position to complain of a delay to which he himself contributed, as before stated. One who only performs acts of administration in carrying out the wishes of creditors can hardly be held thereby to have accepted the succession, as between himself and these creditors. But, granted that she can be held to have thereby accepted, this would not be ground to deny to the minors the right to the homestead. They have a right entirely independent of the right of the widow and that can not be prejudiced by the fact that she has accepted the succession, or that she has become indebted to it. This point was directly decided in Succession Schexnaydre, 16th Ann., 196. These minor children were unquestionably in necessitous circumstances at the death of the father. Their right to the homestead is manifest and made sure by clear provisions of the statute. With the evidence before us, we do not feel that we should adjudge them not entitled to the amount claimed. Only tire property mortgaged was left. The mother earned her support and that of her children by repairing umbrellas, an occupation honorable enough, it is true, but which suggests necessitous circumstances. In the presence of the legal right of the minors in necessitous: circumstances, the charges that there was delay in making the inventory, an attempt to conceal, and acts of illegal interference, with the affairs of the succession must fall. They are .not sustained by the evidence, to the extent charged, at any rate.
The opposition was also directed against the fees of attorney and notary. They were reduced in the District Court. We do not think chat they should again be reduced and we, therefore, leave them without further change.
Lastly, the widow having accounted for the rent, she was properly credited with insurance, repairs, and other similar expenses.
*1565 For the reasons cited above, we have reached the conclusion that the judgment should be affirmed.
It is, therefore, ordered, adjudged a.nd decreed, for reasons assigned, that the judgment appealed from is affirmed.